UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MICHAEL FITZPATRICK and LISA MARIE GILSON,<br><br>            Plaintiffs,<br><br>      v.<br><br>STACEY A. MILLER, in her individual and official capacities; FREDERIC S. DAVIDSON, in his individual and official capacities; SUSAN PEARL-GEISLING, in her individual and official capacities; THOMAS F. GILMAN, in his individual and official capacities; SCOTT THRUSHMAN, in his individual and official capacities; SANDRA L. MCLEAN, in her individual and official capacities; and DIANE MOREAU, in her individual and official capacities, and JOHN DOE 1-10, Inclusive, in his individual and official capacities,<br><br>            Defendants. | No.  2:13-cv-01934 JAM-CMK<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

   This matter is before the Court on Plaintiffs Scott Michael Fitzpatrick and Lisa Marie Gislon's (collectively "Plaintiffs") Ex Parte Motion for a Temporary Restraining Order ("TRO") to stop Defendants from disturbing Plaintiffs' possession of their automobile.  (Doc. #2 at ¶ 77).[1]  Defendants Stacey A. Miller;

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled.

1

Frederic S. Davidson, Susan Pearl-Geisling, Thomas F. Gilman; Scott Thrushman, Sandra L. McLean, and Diane Moreau (collectively "Defendants") did not have an opportunity to file an opposition. For the reasons stated below, the Court denies the TRO application.

### I.   OPINION

#### A.   Legal Standard

Federal Rule of Civil Procedure 65 provides authority to issue either preliminary injunctions or temporary restraining orders. A plaintiff seeking a preliminary injunction must demonstrate that it is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008)). The requirements for a temporary restraining order are the same. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A TRO is an emergency measure, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested, and the irreparable harm must therefore be clearly immediate. Fed. R. Civ. Proc. 65(b)(1).

#### B.   Analysis

Having reviewed Plaintiffs' TRO Application as well as the materials submitted in support, the Court concludes that Plaintiffs have failed to satisfy the procedural requirements

necessary to justify the issuance of an ex parte TRO. Specifically, Plaintiffs have not certified in writing any efforts made to put Defendants on notice of their ex parte motion for a TRO, nor have they offered any reason why they should not be required to provide notice, as required by Federal Rule of Civil Procedure 65.

In addition, Plaintiffs are attempting to enjoin an ongoing state court action that is before Judge Sandra McLean. See Compl. ¶¶ 11, 23, 70, 73. However, pursuant to the Anti-Injunction Act ("AIA"), the Court cannot issue this injunctive relief. The AIA forbids a federal court from enjoining or staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiffs have not demonstrated that any of the exceptions to the AIA apply here.

Finally, Plaintiffs have failed to establish a likelihood of success on the underlying claims in the complaint. For example, claims against Defendant McLean are entitled to absolute judicial immunity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

## II. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for a Temporary Restraining Order.

IT IS SO ORDERED.

Dated: September 19, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3