1

2

3

4

5

6

7

8      **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SCOTT MICHAEL FITZPATRICK, et al.,              No. 2:13-cv-1934-JAM-CMK

12                        Plaintiff,

13              vs.                                              FINDINGS AND RECOMMENDATION

14   STACEY A. MILLER, et al.,

15                        Defendants.

16   _____/

17              Plaintiffs, proceeding pro se, bring this civil action.  Pending before the court are

18   defendants' motions to dismiss (Docs. 8, 10, 15, 16).  A hearing was held on December 11, 2013,

19   before the undersigned in Redding, California.  Defense counsel Robert Salley, Rana Ansari-

20   Jaberi, Stephen Robertson, and Catherine Woodbridge Guess appeared on behalf of the

21   defendants; plaintiffs Scott Fitzpatrick  and Lisa Gislon appeared in pro se.

22              **I.  Background**

23              Plaintiffs bring this action challenging a state court action filed by some of the

24   defendants.  From the parties filings, it appears that TD Auto Finance filed the state court action

25   against plaintiffs for failure to pay on a vehicle financed through TD Auto Finance.  TD Auto

26   Finance is represented in that state court action by defendant Miller.  The case was assigned to

1

1  defendant McLean, a Butte County Superior Court Judge.  During the pendency of the underlying

2  state court action, TD Auto Finance placed a hold on the registration of the subject vehicle with

3  the California Department of Motor Vehicles (DMV).  Defendant Moreau, who is a DMV

4  employee, refused to remove the hold when plaintiff called.

5  Plaintiffs allege violation of 42 U.S.C. § 1983 for attempted unreasonable seizure

6  of plaintiffs' automobile, violation of due process, being compelled to be a witness against self,

7  denial of right to petition for redress of grievances, violation of free speech, plus attempted grand

8  theft auto/theft by deception, bad faith prosecution, negligence, violation of standard of normal

9  care, fraud upon the court by sham legal process, unlawful court action, and intentional infliction

10  of emotional distress.

11  **II.  Motions to Dismiss**

12  Defendants bring the motions to dismiss (Docs. 8, 10, 15, 16) on the grounds that

13  the court should abstain under the <u>Younger</u> doctrine, judicial immunity bars this action, and

14  plaintiffs fail to state a claim.

15  In opposition to the motions, plaintiffs filed motions to strike each of the motions

16  to dismiss.  Plaintiffs also filed a motion to file an amended complaint and a request to dismiss

17  one defendant.  Plaintiffs seek to replace the named defendant (Thomas Gilman) with another

18  individual whom they have determined was actually the CEO of TD Auto Finance at the time of

19  the events.  Such amendment is futile because, as discussed below,  the claims should be

20  dismissed.

21  **III.  Discussion**

22  A.   <u>Standards</u>

23  In considering a motion to dismiss, the court must accept all allegations of

24  material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

25  court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer</u>

26  <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

2

738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  <u>Brazil v. United States Dept of Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995).

        Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Id.</u> at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u>  at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

/ / /

1    In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

2    outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

3    Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

4    documents whose contents are alleged in or attached to the complaint and whose authenticity no

5    party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

6    and upon which the complaint necessarily relies, but which are not attached to the complaint, see

7    Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

8    of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

9    1994).

10    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

11    amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

12    curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

13    B.    Motions

14    Defendants argue the court should abstain under Younger, judicial immunity bars

15    this action, and plaintiffs fail to state a claim.

16    1.    Failure to state a claim

17    The federal claims set forth in the complaint are based on 42 U.S.C. § 1983.

18    Specifically, plaintiffs contend the defendants have violated several of their constitutional rights,

19    including the Fourth, Fifth, and Fourteenth Amendments.

20    Section 1983 provides that "[e]very person who, under color of any statute,

21    ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

22    subjects, or causes to be subjected, any citizen of the United States or other person within the

23    jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the

24    Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

25    other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  "Traditionally, the requirements for

26    relief under [§] 1983 have been articulated as (1) a violation of rights protected by the

4

1   Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4)

2   acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

3   Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law

4   (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United

5   States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367,

6   372 (9th Cir. 1999) (en banc).

7          Here, none of the defendants named in the complaint could be considered state

8   actors, with the possible exception of defendant Moreau who is employed by the California

9   Department of Motor Vehicles and defendant McLean who is a Judge with the Butte County

10  Superior Court.  None of the other defendants are state employees acting under color of state law.

11  Plaintiffs argue that even if the defendants are not state actors, they can still be held liable

12  because they are acting in connection with the State.  However, plaintiffs' arguments are

13  unsupported by the law.

14         Generally, private parties are not acting under color of state law. See Price v.

15  Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  Where a private party conspires with state

16  officials to deprive others of constitutional rights, however, the private party is acting under color

17  of state law. See Tower v. Glover, 7467 U.S. 914, 920 (1984), DeGrass v. City of Glendora, 207

18  F.3d 636, 647 (9th Cir. 2000).  Here, there are no state officials with whom the defendants could

19  have been considered to be in conspiracy with, nor are there any allegations of conspiracy.  A

20  private attorney is not a state actor by means of their state bar membership, the employees of the

21  finance company are not state actors, a judge is immune from the charges while acting in her

22  judicial capacity, and there are insufficient allegations against defendant Moreau which could be

23  construed as having violated any of plaintiffs' constitutional rights much less that she was acting

24  in conjunction with any of the other defendants.

25         As discussed below, defendant McLean is entitled to judicial immunity.  In

26  addition, the claims against defendant Moreau are insufficient.  Plaintiffs claim defendant

1   Moreau refused to remove the registration hold on the subject vehicle, and informed the plaintiffs

2   that DMV does not notify anyone when a hold is placed on a registered vehicle.  These

3   allegations are insufficient to state a claim against defendant Moreau for violating plaintiffs' due

4   process rights or their right to petition for redress.  Even if placing a hold on the vehicle

5   registration could be considered sufficient to violate the plaintiffs' due process rights, there is no

6   allegation that defendant Moreau is the one responsible for placing that hold.  Rather, defendant

7   Moreau is simply the individual who answered the plaintiffs' questions when they called DMV.

8           To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

9   connection or link between the actions of the named defendants and the alleged deprivations.

10  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

15  conclusory allegations concerning the involvement of official personnel in civil rights violations

16  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

17  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

18  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

19          There are simply no facts alleged to indicate any connection between defendant

20  Moreau[1] and the alleged deprivations. None of the other defendants can be considered state

21  actors.  Therefore, the undersigned finds plaintiffs fail to state a claim against any of the

22  defendants.

23  / / /

24  / / /

25  _____

26      [1]      Defendant Moreau also argues she is entitled to qualified immunity.  However, given the discussion herein, the court need not address this issue.

6

1          2.      <u>Younger</u>

2          Next, defendants argue this court should abstain from hearing this case under

3 <u>Younger v. Harris</u>, 401 U.S. 327, 334-35 (1977).  The <u>Younger</u> abstention doctrine "forbids

4 federal courts from enjoining pending certain categories of state proceedings except in

5 extraordinary circumstances."  <u>Partington v. Gedan</u>, 880 F.2d 116, 120 (9th Cir. 1989).  In order

6 for the abstention doctrine to apply, the three-part test of <u>Middlesex County Ethics Committee v.</u>

7 <u>Garden State Bar Association</u>, 457 U.S. 423 (1982) must be met.  The three-part test requires the

8 court to examine

> (1) The nature of the state proceedings in order to determine
> whether the proceedings implicate important state interests, (2) the
> timing of the request for federal relief in order to determine
> whether there are ongoing state proceedings, and (3) the ability of
> the federal plaintiff to litigate its federal constitutional claims in
> the state proceedings.

12 <u>Id.</u>

13         In addition, the Ninth Circuit added the requirement that the federal action would

14 enjoin the state proceedings.  (Citing <u>AmerisourceBergen Corp. V. Roden</u>, 495 F.3d 1143, 1148-

15 49 (9th Cir. 2007).

16         Defendants argue all the <u>Younger</u> requirements are met.

17     1.  The state proceedings were pending at the time plaintiffs filed this action, and are still

18 pending;

19     2.  There is an important state interest involved in the application of State law;

20     3.  Plaintiffs have the opportunity to raise any constitutional challenges they have in the

21 State court proceeding; and

22     4.  If plaintiffs were successful in obtaining the relief requested in this case, the effect

23 would be the enjoining of the ongoing state court proceedings.

24         It does appear that all the <u>Younger</u> requirements are met, and that this court

25 should abstain.

26 / / /

7

1        3.      Immunity

2        Defendant McLean argues she is entitled to judicial immunity.  Judges are

3    absolutely immune from damage actions for judicial acts taken within the jurisdiction of their

4    courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This

5    immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an

6    act that is not judicial in nature.  See id.  Judges retain their immunity even when they are

7    accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per

8    curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting

9    in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  This immunity

10   extends to the actions of court personnel when they act as "an integral part of the judicial

11   process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).  This

12   judicial immunity has been extended beyond liability for damages, to include injunctive relief

13   and declaratory relief arising from their judicial acts performed in their judicial capacity.  See

14   Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *overruled on other grounds by* B.

15   Braun Med., Inc. V. Rogers, 163 F. App'x 500 (9th Cir. 2006).  This immunity also covers

16   hearing examiners and administrative law judges presiding over hearings.  See Butz v.

17   Economou, 792 U.S. 478, 513-15 (1978).

18       All of the claims against defendant McLean arise from official judicial acts

19   performed in her judicial capacity.  Specifically, plaintiffs take issue with the decisions she has

20   made within the state proceedings.  The undersigned therefore finds that defendant McLean is

21   entitled to judicial immunity.

22       4.      State Law Claims

23       In addition to plaintiffs' claims under 42 U.S.C. § 1983, they have alleged a

24   number of state law claims.  As none of the federal claims survive the motions to dismiss, the

25   court should not exercise jurisdiction over the state law claims.  Therefore, even if the court were

26   to decide the Younger abstention did not apply, the motions to dismiss should be granted over

8

1   the state law claims, which could be raised in the state courts.

2          III.  **Conclusion**

3          The undersigned finds a number of basis for dismissal of this action.  Plaintiffs

4   fail to state a claim under 42 U.S.C. § 1983, the <u>Younger</u> abstention doctrine applies and this

5   court should abstain from hearing these claims, Judge McLean is entitled to judicial immunity,

6   and the court should not exercise jurisdiction over the remaining state law claims.  In addition,

7   the undersigned finds no amendment could cure the defects in this case.

8          Based on the foregoing, the undersigned recommends that the motions to dismiss

9   (Docs. 8, 10, 15, 16) be granted, without leave to amend, and this action be closed.

10         These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court.  Responses to objections shall be filed within 14 days after service of

14  objections.  Failure to file objections within the specified time may waive the right to appeal.

15  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16

17   DATED:  January 14, 2014

18                                                      _____
                                                        **CRAIG M. KELLISON**
19                                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26